UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DONAVINN COFFEE,

        Petitioner,

  v.                                      Case No. 20-cv-1228-pp

PAUL KEMPER,

        Respondent.

---

### ORDER SCREENING *HABEAS* PETITION

---

On August 4, 2020, the petitioner, a person who is incarcerated at Racine Correctional Institution and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2016 conviction in Milwaukee County Circuit Court for armed robbery, attempted armed robbery and first-degree recklessly endangering safety. Dkt. No. 1. He has paid the $5.00 filing fee. The court cannot say that the petitioner plainly is not entitled to relief. This order screens the petition and orders the respondent to answer or otherwise respond.

I.    **Background**

The petition refers to Wisconsin criminal case "15-CF-4965." Dkt. No. 1 at 2. The petitioner states that on June 23, 2016, he pled guilty in Milwaukee County Circuit Court to armed robbery, attempted armed robbery and first-degree recklessly endangering safety, all as a party to a crime. Id.; see also State v. Coffee, Milwaukee County Case No. 15CF4965 (available at

1

https://wcca.wicourts.gov). On June 23, 2016, the court sentenced the petitioner to thirteen years of initial confinement followed by nine years of extended supervision. Id. at 2. The same day, the clerk entered judgment. Id.

The petitioner says that on October 17, 2017, he filed a direct appeal. Id. at 3. A year later, the Wisconsin Court of Appeals affirmed the convictions. Id. On July 24, 2019, the petitioner filed a petition for review in the Wisconsin Supreme Court. Id. On January 9, 2020, the Wisconsin Supreme Court affirmed the Court of Appeals. Id.

He filed this federal *habeas* petition seven months later.

## II. Rule 4 Screening

### A. Standard

Rule 4 of the Rules Governing Section 2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §22554(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is

in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitations period, exhausted his state court remedies and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering the claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B. The Petition

The petitioner asserts one ground for relief: that the circuit court violated his right to due process when it relied on inaccurate information at sentencing. Dkt. No. 1 at 6.

The petitioner has stated a claim generally cognizable on *habeas* review. See Promotor v. Pollard, 628 F.3d 878, 888 (7th Cir. 2010) (considering on *habeas* review a claim that a trial court violated due process when it relied on inaccurate information at sentencing.) The petitioner states that he filed his petition within the one-year limitation period and exhausted his state remedies. At this stage the court cannot say that it plainly appears from the face of the petition that the petitioner is not entitled to relief on his alleged grounds.

**III. Conclusion**

The court **ORDERS** that the petitioner may proceed on the grounds in his *habeas* petition.

The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition; and

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date

of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 15th day of July, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**