UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DONAVINN COFFEE,

    Petitioner,

v.              Case No. 20-cv-1228-pp

NICHOLAS REDEKER,[1]

    Respondent.

---

**ORDER EXTENDING DEADLINE FOR PETITIONER TO FILE BRIEF IN SUPPORT OF HIS PETITION AND DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL (DKT. NO. 9)**

---

  On August 10, 2020, the petitioner, who is incarcerated in John C. Burke Correctional Center and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his 2016 conviction in Milwaukee County Circuit Court for armed robbery, attempted armed robbery and first-degree recklessly endangering safety. Dkt. No. 1. On July 15, 2021, the court screened the petition, allowed the petitioner to proceed and ordered the respondent to answer or otherwise respond within sixty days. Dkt. No. 4. On August 31, 2021, the respondent answered the petition under Rule 5 of the Rules Governing Section 2254 Cases. Dkt. No. 8. According to the briefing

---

[1] Under Rule 2 of the Rules Governing Section 2254 Cases, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." The petitioner is incarcerated at John C. Burke Correctional Center. https://appsdoc.wi.gov/lop/home.do. This order reflects Warden Nicholas Redeker as the respondent.

1

schedule set in the court's July 15, 2021 screening order, the petitioner had forty-five days—until October 15, 2021—to file a brief in support of his petition. Dkt. No. 4 at 4-5. The petitioner did not do so. On September 7, 2021, however, the court received from the petitioner a letter asking the court to provide "legal consultation." Dkt. No. 9.

    A.    <u>Extension of Deadlines</u>

In its July 15, 2021, screening order, the court set the following briefing schedule:

> The court **ORDERS** that within sixty days of the date of this order, the respondent shall answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.
>
> The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:
>
> (1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;
>
> (2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition; and
>
> (3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.
>
> * * *
>
> The parties must submit their pleadings in time for the court to receive them by the stated deadlines.

Dkt. No. 4 at 4-5.

The petitioner was at Racine Correctional Institution when he filed his petition. Dkt. No. 1. The return address on the envelope containing his request for appointment of counsel was Racine, dkt. no. 7-1, so he was still there at the

beginning of September and should have received the respondent's answer, which was mailed to him there on August 31, 2021, dkt. no. 8-14. The Wisconsin Department of Corrections' Inmate Locator indicates that the petitioner was transferred to John C. Burke Correctional Center on September 28, 2021. It is possible that the respondent's answer did not make it to the petitioner as a result of his transfer from Racine to Burke, or that the petitioner thought that he must wait for the court's ruling on his request for appointment of counsel before filing his brief in support. In an abundance of caution, the court will give the petitioner another chance to file a brief in support of his petition. If the petitioner wishes to proceed with this case, he must file a brief in support of his petition by the deadline the court sets below. If the court does not receive a brief in support of the petition, it will dismiss the case with prejudice.

      B.      Petitioner's Letter Requesting Appointment of Counsel (Dkt. No. 9)

In his September 7, 2021 letter, the petitioner states that he is not sufficiently "competent in law to represent [himself]" and asks the court to provide him with "legal consultation to help and guide [him] through this unfortunate situation." Dkt. No. 9.

There is no statutory or constitutional right to court-appointed counsel in federal civil litigation. Giles v. Godinez, 914 F.3d 1040, 1052 (7th Cir. 2019). This is particularly true in *habeas* cases. The Seventh Circuit has held that "[a] litigant is not entitled to appointed counsel in a federal postconviction proceeding," although it notes that a district court "may appoint counsel if 'the

3

Case 2:20-cv-01228-SCD   Filed 05/20/22   Page 3 of 6   Document 10

interests of justice so require.'" Taylor v. Knight, 223 F. App'x 503, 504 (7th Cir. 2007) (citations omitted) (quoting 18 U.S.C. §3006A(a)(2)(B)).

When evaluating a motion to appoint counsel, the district court engages in a two-step process. Giles, 914 F.3d at 1052. First, the court determines whether the plaintiff "made a reasonable attempt to secure counsel on his own." Id. at 1053 (citing Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013)). Second, the court determines "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a lay person to coherently present it." Pruitt v. Mote, 503 F.3d 647, 655 (7th Cir. 2007).

Even if the court concluded that the petitioner had made a reasonable attempt to find a lawyer on his own—and the court usually requires a party to show that he's contacted at least three lawyers before reaching that conclusion—the court would not appoint counsel at this stage. The petitioner has presented enough information for the court to screen his petition. The next step is for the petitioner to file a brief in support of the petition.

Many incarcerated persons who file lawsuits or *habeas* petitions ask the court to appoint them lawyers. Most do not have the money to hire lawyers, do not have legal education or familiarity with the law and do not have sufficient access to the law library. The court does not have the resources to appoint lawyers for all *habeas* petitioners; it must rely on volunteer lawyers. And the requests for an attorney far outnumber the number of volunteers. As a result, the court appoints counsel only in those cases where a party is not able to express himself, and where the litigation has reached a point that a lay person

4

cannot handle it on his own. The petitioner has not explained how his case is so complex that he cannot present it himself. Both the petition and letter requesting appointment of counsel are clear and legible. The petitioner has better writing skills than many incarcerated persons from whom the court receives pleadings. He has raised only one ground in the petition. It is not a complicated one—he argues that at his sentencing, the state used a mistaken arrest to make it look as if his criminal conduct was escalating. The respondent has filed an answer. Now it is time for the petitioner to file a brief supporting his petition. In that brief, he can explain in more detail what happened at his sentencing and why he believes it was wrong. The court is denying the petitioner's motion without prejudice; that means that if there comes a time where the litigation becomes too complex for the petitioner to handle it on his own, he may renew the motion.

Finally, the court advises the petitioner that it is his responsibility to promptly notify the court of any change of address, whether he is released from custody or transferred to a different institution. Failure to update his address with the court may result in documents not reaching the petitioner, which may delay the case further.

C. Conclusion

The court **ORDERS** that if the petitioner wishes to proceed with this case, he must file a brief in support of his petition in time for the court to receive it by the end of the day on **July 8, 2022**. If the court does not receive a

5

brief in support of the petition by the end of the day on **July 8, 2022**, the court will dismiss the case with prejudice.

The court **ORDERS** that the respondent has forty-five days after the petitioner files his supporting brief to file a brief in opposition.

The court **ORDERS** that the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

The court **DENIES WITHOUT PREJUDICE** the petitioner's request for appointment of counsel. Dkt. No. 9.

Dated in Milwaukee, Wisconsin this 20th day of May, 2022.

                                               **BY THE COURT:**

                                               **HON. PAMELA PEPPER**
                                               **Chief United States District Judge**